UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                              :
OMAR ABRUE,                                   :
                                              :
                    Petitioner,               :
                                              :          16cv5052
         -against-                            :
                                              :          MEMORANDUM & ORDER
UNITED STATES OF AMERICA,                     :
                                              :
                    Respondent.               :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, Senior United States District Judge:

        Petitioner Omar Abrue moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, Abrue's petition is denied.

BACKGROUND

        Abrue served as an enforcer for the Watson Avenue Family, a drug trafficking organization that distributed heroin, cocaine, and crack cocaine in the Bronx, New York during the 1980s and 1990s.  (PSR ¶¶ 21, 25.)  In 1991, members of the Watson Avenue Family directed Abrue to eliminate Luis Claudio, who had developed a reputation for robbing members of the Watson Avenue Family.  (See PSR ¶ 25.)  Acting on that direction, Abrue tracked down Claudio and shot him to death.  (PSR ¶ 25; Criminal ECF No. 17 ("Plea Tr."), at 18.)[1]

        The Government charged Abrue with: (1) conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); (2) attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); and (3) use of a firearm during the commission of a "crime of violence"—as charged in the first two counts—in violation of 18 U.S.C. § 924(c).

---

[1]      Citations to "Criminal ECF No." refer to Abrue's underlying criminal proceeding, case number 00-cr-732. Citations to "ECF No." refer to this proceeding.

(Criminal ECF No. 11 ("Information").)  Abrue pled guilty to all three counts before the

Honorable Harold Baer Jr.[2]  (Plea Tr., at 5, 21.)  Judge Baer sentenced Abrue principally to 246

months of imprisonment.[3]  (Criminal ECF No. 12; Criminal ECF No. 13 ("Sentencing Tr."), at

8–10.)

Abrue timely commenced this action by filing his habeas petition on June 27,

2016.[4]  (See generally ECF No. 1 ("Petition").)  Abrue seeks vacatur of his § 924(c) conviction,

arguing that conspiracy to commit murder in aid of racketeering and attempted murder in aid of

racketeering no longer constitute predicate "crime[s] of violence" following Johnson.  (Petition,

at 5(a).)

Initially, this Court declined to set a briefing schedule while courts in this Circuit

grappled with the scope of Johnson and its progeny.  Following the Supreme Court's decision in

United States v. Davis, 139 S. Ct. 2319 (2019)—specifically addressing the constitutionality of

§ 924(c)'s definition of a "crime of violence"—this Court ordered the Government to respond to

Abrue's petition.  (ECF No. 7.)  In its opposition, the Government argues that Abrue is

procedurally barred from bringing the petition since he failed to file a direct appeal of his

§ 924(c) conviction.  (ECF No. 8 ("Government Opp'n"), at 2–4.)  Additionally, the Government

claims that Abrue's petition is meritless because his conviction for attempted murder in aid of

---

[2]      Before pleading guilty, Abrue waived prosecution by indictment and consented to proceeding by information.  (Criminal ECF No. 10; Plea Tr., at 5–7.)

[3]      Following Judge Baer's death, Abrue's underlying criminal action was randomly reassigned to this Court on May 27, 2015.

[4]      On June 8, 2016, Chief Judge Colleen McMahon entered a Standing Order in this District "to facilitate the orderly administrati[on] of justice" in resolving the "several hundred petitions [that would likely] be filed by federal prisoners . . . before the one-year anniversary of the" Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  (ECF No. 3, at 1.)  That Standing Order enabled petitioners to file "placeholder" § 2255 petitions by June 27, 2016 and recommended "that individual judges defer any consideration of such petitions until the filing of [a] supplemental [petition] or until a briefing schedule is requested by [the] . . . parties."  (ECF No. 3, at 1–2.)

racketeering remains a predicate "crime of violence" even after Johnson and Davis. (Government Opp'n, at 4–6.)

DISCUSSION

I.    Legal Standard

       Under 28 U.S.C. § 2255, a petitioner may "move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Collateral challenges conflict with "society's strong interest in the finality of criminal convictions," and petitioners are therefore subject to a higher bar "to upset a conviction by collateral, as opposed to direct, attack."  Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (quotation marks omitted).  Indeed, "[a] motion under § 2255 is not a substitute for an appeal."  United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998) (citing United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995)).  To prevail on a § 2255 motion, a movant must show "constitutional error . . . or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

II.    Procedural Default

       To begin, the Government avers that Abrue is precluded from bringing his petition because he failed to appeal his § 924(c) conviction.  A defendant is generally "barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal."  United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011); see also Bousley v. United States, 523 U.S. 614, 622 (1998).  "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence."  Thorn, 659 F.3d at 231.  Here, the Government contends that Abrue cannot show cause for the

3

procedural default because—even before he pled guilty—other litigants had challenged components of § 924(c), including its definition of "crime of violence." (Government Opp'n, at 3–4.) The Government further claims Abrue cannot demonstrate prejudice because his conviction for attempted murder in aid of racketeering remains a predicate "crime of violence" under § 924(c) even after Johnson and Davis. (Government Opp'n, at 4.) Finally, the Government argues that Abrue cannot establish actual innocence because he admitted to shooting Claudio during commission of the crimes alleged in the charging instrument. (Government Opp'n, at 4.)

This Court need not reach the Government's procedural arguments because—as explained below—Abrue's petition fails on the merits. See, e.g., Boykin v. United States, 2020 WL 774293, at *1 (S.D.N.Y. Feb. 18, 2020) ("It is not necessary to address the Government's procedural attack on the petition, because [petitioner's] Johnson/Davis claim fails on its merits."); DeJesus v. United States, 2019 WL 6711478, at *2 (S.D.N.Y. Dec. 10, 2019) (setting "[t]he Government's procedural attacks on the . . . petition aside" because petitioner's "Johnson/Davis claim is without merit").

III.    Merits

A.    Section 924(c) Following Davis

Section 924(c) criminalizes the use or carrying of a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as a felony that either: (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause" or "force clause"); or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"

or "risk-of-force clause").  18 U.S.C. § 924(c)(3)(A)–(B).  In <u>Davis</u>, the Supreme Court deemed

the risk-of-force clause in § 924(c)(3)(B) unconstitutionally vague, 139 S. Ct. at 2336, but it did

not invalidate the force clause in § 924(c)(3)(A), <u>see</u> <u>United States v. Barrett</u>, 937 F.3d 126,

128–29 (2d Cir. 2019); <u>see also</u> <u>Angulo-Aguirre v. United States</u>, 2019 WL 6716632, at *2

(S.D.N.Y. Dec. 10, 2019) ("[T]here is no suggestion in <u>Davis</u> . . . that the language of the force

clause [in § 924(c)] . . . was suspect." (emphasis removed)).[5]  Following <u>Davis</u>, a predicate

"crime of violence" qualifies only if it falls within § 924(c)'s force clause.  <u>Boykin</u>, 2020 WL

774293, at *5; <u>see also</u> <u>Rosario Figueroa v. United States</u>, 2020 WL 2192536, at *2 (S.D.N.Y.

May 6, 2020).

B. <u>Attempted Murder in Aid of Racketeering</u>

The Government charged Abrue with violating § 924(c) based on two different

predicate offenses: (1) conspiracy to commit murder in aid of racketeering, in violation of 18

U.S.C. § 1959(a)(5); and (2) attempted murder in aid of racketeering, in violation of 18 U.S.C.

§ 1959(a)(5).  (Information, at 2–3.)  Because Abrue pled guilty to both predicate offenses, if this

Court concludes that either offense remains a "crime of violence" under § 924(c)'s force clause,

Abrue's petition fails.  <u>See</u> <u>Boykin</u> 2020 WL 774293, at *5; <u>Simmons v. United States</u>, 2019 WL

6051443, at *2 (S.D.N.Y. Nov. 15, 2019).  The Government contends only that Abrue's

conviction for attempted murder in aid of racketeering remains a predicate "crime of violence"

following <u>Davis</u>.  Accordingly, this Court focuses on that conviction.[6]

---

[5]     The Supreme Court's holding in <u>Davis</u> is the most recent in a series of cases involving vagueness challenges to other, similarly-worded residual clauses.  In <u>Johnson</u>, the Court deemed the residual clause within the Armed Career Criminal Act's definition of "violent felony" to be unconstitutionally vague.  <u>See</u> 135 S. Ct. at 2557. Relying on <u>Johnson</u>, the Court, in <u>Sessions v. Dimaya</u>, held that the residual clause within the definition of "crime of violence" in 18 U.S.C. § 16 was also unconstitutional.  <u>See</u> 138 S. Ct. 1204, 1213–16 (2018).

[6]     Because the Government does not address whether conspiracy to commit murder in aid of racketeering remains a predicate "crime of violence" following <u>Davis</u>, this Court declines to reach that issue.  However, the Second Circuit—relying on <u>Davis</u>—recently held that a defendant's "conviction for using a firearm in committing

"To determine whether a crime is a 'crime of violence' under § 924(c)(3)(A)," the Second Circuit "appl[ies] the so-called 'categorical approach.'"  United States v. Hendricks, 921 F.3d 320, 327 (2d Cir. 2019).  Under that approach, courts "evaluate whether 'the minimum criminal conduct necessary for conviction under a particular statute' necessarily involves violence."  Hendricks, 921 F.3d at 327 (quoting United States v. Hill, 890 F.3d 51, 55 (2d Cir. 2018)).  "In doing so, [courts] focus only on the elements of the offense and do not consider the particular facts of the underlying crime."  Hendricks, 921 F.3d at 327; see also United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006) (per curiam).  Stated differently, a court "cannot go behind the offense as it was charged to reach [its] own determination as to whether the underlying facts" qualify the charged offense as a "crime of violence."  Hill, 890 F.3d at 55 (quotation marks omitted).

Although Abrue was convicted of attempted murder in aid of racketeering under a federal statute—18 U.S.C. §1959(a)(5)—"what th[at] federal statute criminalizes is behavior that qualifies as [an offense] under state law."  Boykin, 2020 WL 774293, at *6; see 18 U.S.C. §1959(a) ("Whoever . . . for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders . . . any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished . . . .");  Rodriguez, 2020 WL 1878112, *6 (identifying § 1959(a) as an example of a "felony offense" that involves a "violat[ion] [of] a state law" but provides "a separate federal source of

_____

Hobbs Act robbery conspiracy must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition."  Barrett, 937 F.3d at 128 (emphasis in original).  And "[s]ubsequent Second Circuit summary orders cite Barrett and vacate § 924(c) convictions based on conspiracy crimes."  United States v. Rodriguez, 2020 WL 1878112, at *6 (S.D.N.Y. Apr. 15, 2020) (collecting cases); see also United States v. Smith, --- F. App'x ----, 2020 WL 2550987, at *2 (2d Cir. 2020) (summary order) ("[A]s the government now concedes, Smith's [§ 924(c)] conviction . . . can no longer be based on the predicate of conspiracy to commit assault.").  As such, courts in this Circuit have expressed uncertainty over whether "a conspiracy to commit a violent crime [can] ever serve as a predicate for a § 924(c) conviction."  Boykin, 2020 WL 774293, at *5.

subject matter jurisdiction").  For that reason, Abrue was charged with "unlawfully, intentionally, and knowingly attempt[ing] to murder Luis Claudio . . . in violation of New York State Penal Law."  (Information, at 1–2 (emphasis added).)  Accordingly, the relevant inquiry is whether attempted murder—as defined in the New York State Penal Law[7]—is categorically a "crime of violence" under § 924(c)'s force clause.

Abrue argues that "[a]ttempted murder is . . . not a 'crime of violence' under the 'force clause' . . . because it does not necessarily require, as an element, either (1) the presence of violent physical force or (2) the intentional employment of such force."  (Petition, at 5(a).)  However, the Second Circuit has "repeatedly treated it as self-evident that under New York law 'attempted murder is a crime unmistakably involving an attempted use of physical force.'"  United States v. Sierra, 782 F. App'x 16, 20 (2d Cir. 2019) (summary order) (quoting United States v. Praddy, 729 F. App'x 21, 24 (2d Cir. 2018) (summary order)); see also United States v. Scott, 681 F. App'x 89, 95 (2d Cir. 2017) (summary order) ("Attempted murder in the second degree is a crime unmistakably involving 'an attempted use . . . of physical force' within § 924(c)(3)(A).").[8]  To be sure, Sierra, Praddy, and Scott were decided by summary orders and therefore lack precedential effect.  See 2d Cir. R. 32.1.1(a) (citation of summary orders).  But this Court is not "at liberty . . . to disregard [or] contradict a Second Circuit ruling squarely on point merely because it was rendered in a summary order."  United States v. Tejeda, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010); see also Mendez v. Starwood Hotels & Resorts Worldwide,

---

[7]     While not cited specifically in the charging instrument, it is apparent that the relevant state statutes are New York Penal Law § 125.25 (murder in the second degree) and § 110.00 (attempt to commit a crime).  The charging instrument alleges no special circumstances (e.g., the attempted killing of a police officer) for which the charge of attempted first-degree murder would be reserved.  See N.Y. Penal Law § 125.27.

[8]     At least one district court in this Circuit has recently reached that same conclusion.  See Mayes v. United States, 2019 WL 6307411, at *4 (E.D.N.Y. Nov. 25, 2019) ("Attempted murder, under either the New York state or federal standard, requires the attempted use of physical force.").

Inc., 746 F. Supp. 2d 575, 595 (S.D.N.Y. 2010) (noting that summary orders offer "some indication of how the Court of Appeals might rule were it to decide the issue in a binding opinion"); cf. United States v. Payne, 591 F.3d 46, 58 (2d Cir. 2010) ("[D]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases." (quotation marks omitted)).  In any event, Abrue offers no authority—before or after Davis—tending to undermine the Second Circuit's conclusions in those summary orders. Since Abrue's conviction for attempted murder in aid of racketeering is categorically a "crime of violence" under § 924's force clause, his petition fails.

CONCLUSION

For the foregoing reasons, Abrue's habeas petition is denied.  Because Abrue has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.  See 28 U.S.C. § 2253(c).  The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated:  August 7, 2020
        New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

8